**Atlean TYSON, et al., Plaintiffs,**

v.

**EQUITY TITLE & ESCROW CO. OF MEMPHIS, LLC, et al., Defendants.**

**Renee Echols, et al., Plaintiffs,**

v.

**A USA Mortgage Corp., et al., Defendants.**

**No. Civ. 00–2559 D/A, Civ. 01–2033 D/A.**

United States District Court, W.D. Tennessee, Western Division.

Sept. 25, 2003.

Margaret R. Barr–Myers, Webb A. Brewer, Sapna V. Raj, Lucille F. Bond, David Rodney Scruggs, Memphis Area Legal Services Inc., Richard B. Fields, Law

Office of Richard B. Fields, Memphis, TN, for plaintiffs.

John W. Campbell, Nanette L. Wesley, Husch & Eppenberger, John S. Golwen, Leo Maurice Bearman, Jr., Baker, Donelson, Bearman & Caldwell, Jim N. Raines, Jonathan C. Hancock, Charles Wesley Fowler, Glankler Brown, PLLC, John R. Branson, Branson & Bearman, Jackie Brown, W. Timothy Hayes, Jr., Jeannie M. Kosciolek, Chapman Sellers Morrow, The Hardison Law Firm, Richard S. Wade, Neely, Green, Fargarson, Brooke & Summers, Richard Glassman, R. Douglas Hanson, Glassman, Edwards, Wade & Wyatt, P.C., Robert F. Uhlmann, Cochran, Uhlmann, Abney, Duck & Wright, Henry L. Klein, Bruce M. Smith, Apperson, Crump, Duzane & Maxwell, Timothy W. Smith, Law Office of Timothy W. Smith, Darryl D. Gresham, Neely, Green, Fargarson, Brooke & Summers, James R. Newsom, III, Hanover, Walsh, Jalenak & Blair, James L. Kirby, Michelle M. Drake, Harris, Shelton, Dunlap, Cobb & Ryder, J. Kimbrough Johnson, Craig C. Conley, Thomason, Hendrix, Harvey, Johnson, & Mitchell, Alexander W. Wellford, Jr., Humphreys, Dunlap, Wellford, Acuff & Stanton, P.C., Memphis, TN, A. William Loeffler, Troutman Sanders, Atlanta, GA, for defendants.

## ORDER AFFIRMING IN PART AND REVERSING IN PART MAGISTRATE JUDGE'S MAY 23, 2003 ORDER

DONALD, District Judge.

Before the Court is the motion of Equity Title Company of Memphis and Steven Winkel ("Defendants") for reconsideration of the magistrate judge's May 23, 2003 Order on Pending Discovery Motions ("Order"). Defendants maintain that the magistrate judge erred in striking their pretrial motions and ordering sanctions. Defendants assert that 1) their motions were not frivolous, 2) the magistrate judge did not have legal authority to award sanctions, and 3) Plaintiffs did not comply with procedural requirements for requesting sanctions. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the Court **AFFIRMS** the magistrate judge's Order as to denial of Defendants' motions and **REVERSES** as to sanctions.

## I. BACKGROUND

Plaintiffs have based their claims against Defendants, and others, on alleged predatory lending practices in connection with the sale of residences to Atlean Tyson, Mae O. McGee, Barbara Pegues and Michael Pegues, Thelma James, Renee Echols, Ulrica Johnson, Willie D. Johnson, and Linda Haynes and Bobby Haynes ("Plaintiffs").

On March 28, 2003, the magistrate judge issued an order requiring Defendants to the disclose a portion of their closing files. Defendants subsequently filed a motion for reconsideration of the magistrate's order, an amended motion for protective order, and a motion for limitation of discovery. Plaintiffs responded with a memorandum in opposition to Defendants' motions and a motion to strike and for sanctions. Defendants thereafter filed their own motion to strike and for sanctions. All motions, aside from the motion for reconsideration,[1] were referred to the magistrate judge.

On May 23, 2003, the magistrate judge denied Defendants' motions for protective order and for limitation of discovery, granted Plaintiffs' motion to strike and to issue sanctions, and denied Defendants' motion to strike and to issue sanctions.

---

**1.** This Court denied Defendants' motion for reconsideration on August 21, 2003.

The Court now considers Defendants' objections to the magistrate judge's Order.

## II. STANDARD OF REVIEW

Title 28, Section 636(b)(1)(A) permits a judge to "designate a magistrate to hear and determine any pretrial matter pending before the court" except those matters that are dispositive. A district court may reconsider any pretrial matter ruled upon by a magistrate judge "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). When reviewing a magistrate judge's ruling made pursuant to 28 U.S.C. § 636(b)(1)(A), "the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992).

## III. ANALYSIS

### A. Defendants' Motions

Defendants argue that their amended motion for protective order and motion for limitation of discovery were not frivolous and should not have been stricken. The magistrate judge denied the motions because Defendants already had the opportunity to argue against disclosure of the closing files when they presented their original motion for protective order and when they responded to Plaintiffs' motion to compel.[2] The magistrate judge determined that Defendants could file a motion for reconsideration but not redundant motions. He noted that the amended motion for protective order contained information which was available at the time of filing the original motion. The magistrate judge found all of Defendants' motions without merit and denied them.

Section 636(b)(1) provides for reconsideration of magistrate court rulings by federal district courts when parties disagree with a magistrate's ruling. Parties are not entitled to file redundant motions in addition to their reconsideration motion. As the magistrate judge noted, "defendants are not entitled to unlimited bites at the apple." (Order at 3.) Defendants' motion for limitation of discovery, motion to strike Plaintiffs' motion to strike, and "amended" motion for protective order are merely repetitions of previous motions, which have already been denied. Therefore, the motions are frivolous.

Having reviewed the magistrate judge's ruling and the applicable case law, the Court concludes that the magistrate judge's Order as to denial of Defendants' motions was not clearly erroneous or contrary to law. Accordingly, the Court **AFFIRMS** the magistrate judge's May 23, 2003 order as to the denial of all of Defendants' motions: motion for limitation of discovery, motion to file an amended motion for protective order, and motion to strike Plaintiffs' motion and for sanctions.

### B. Plaintiffs' Motion for Sanctions

Defendant next argues that sanctions were inappropriate because the magistrate judge did not have the legal authority nor follow the proper procedures for issuing sanctions. When issuing sanctions, the magistrate judge pointed to the repetition and impropriety of Defendants' motions: "Plaintiffs are justified in seeking sanctions. Defendants have every right to appeal my decision, and this appeal [motion for reconsideration] is pending. They do *not* have the right to file another motion, presenting the same arguments, with proof

---

2. The Court notes that the magistrate judge chose to consider Defendants' arguments/objections despite the fact that he could have ruled that Defendants had waived the right to object to the requested discovery by failing to respond to Plaintiffs' requests until two months after receiving those requests.

they should have presented previously, requiring plaintiffs to respond thereto." (Order at 3.) The magistrate judge did not state a legal basis for sanctions.

■ There are a variety of legal foundations allowing courts to issue sanctions. Federal Rule of Civil Procedure 37 provides for sanctions when a party has failed to disclose necessary information in discovery or has failed to comply with a discovery order. Rule 11 "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir.2002). An attorney may also be liable for excessive costs for multiplying litigation "unreasonably and vexatiously." 28 U.S.C. § 1927. Section 1927 sanctions are "warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir.1996) (quoting *Rathbun v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir.1987)). Finally, a court may rely on its inherent authority to issue sanctions when there has been a showing of bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *First Bank*, 307 F.3d at 512.

■ Defendants did not flaunt a court discovery order or fail to disclose information in violation of Rule 37, so they are not liable for Rule 37 sanctions. The procedures necessary to issue Rule 11 sanctions were not followed, so Defendants are not legally liable for Rule 11 sanctions. *See* Fed.R.Civ.P. 11(c)(1)(A) (requiring a twenty-one day "safe harbor" period for an offending party to withdraw its motion when a party requests sanctions by motion); Fed.R.Civ.P. 11(c)(1)(B) (requiring a show cause order before a court issues sanctions on its own motion). Neither were the procedures for § 1927 sanctions followed. *See Cook v. American S.S. Co.*, 134 F.3d 771, 775 (6th Cir.1998) (holding that a court must at least issue an order to show cause why sanctions should not be imposed and provide an opportunity to respond before imposing § 1927 sanctions). The Court concludes that the magistrate judge's award of sanctions was contrary to law, therefore the magistrate judge's order allowing Plaintiffs' motion for sanctions is **REVERSED.**

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the magistrate judge's order as to denial of Defendants' motions is not clearly erroneous or contrary to law. The magistrate's order as to sanctions is contrary to law. Accordingly, the Court **AFFIRMS** the magistrate judge's May 23, 2003 order as to denial of Defendants' motion and **REVERSES** as to the award of sanctions.